No. 2026-1581

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

ARBUTUS BIOPHARMA CORPORATION
and GENEVANT SCIENCES GmbH,
*Plaintiffs-Appellees,*

v.

MODERNA, INC. and MODERNATX, INC.,
*Defendants-Appellants.*

On Appeal from the United States District Court for the
District of Delaware in No. 1:22-cv-00252, Judge Joshua D. Wolson

## MOTION FOR LEAVE TO FILE OUT OF TIME AMICUS BRIEF OF THE HONORABLE LAMAR SMITH IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE

Matthew J. Dowd
Robert J. Scheffel
Elliot A. Gee
Morris D. Young
Dowd Scheffel PLLC
1717 Pennsylvania Ave., NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
mdowd@dowdscheffel.com

Pursuant to Federal Circuit Rules 26 and 27, the Honorable Lamar Smith respectfully requests leave to file an amicus brief out of time. Under the current schedule, all amicus briefs in support of appellant or neither party were due on June 5, 2026, and all amicus briefs in support of appellees were due on July 15, 2026.

Appellees do not oppose the present motion. Appellants do oppose and will evaluate whether to file a response to the motion once it is filed. A copy of the proposed amicus brief is attached to this motion.

*Amicus* respectfully submits that good cause and extraordinary circumstances exist for the requested leave. The attached Declaration of Matthew J. Dowd ("Dowd Decl.") presents the facts establishing good cause and extraordinary circumstances in support of the requested leave to file the amicus brief out of time. *See* Fed. Cir. R. 26(b)(1).

As is widely known, Former Representative Smith served in the United States House of Representatives, representing Texas's 21st congressional district for over thirty years, from 1987 to 2019. He served as chairman of the Judiciary Committee, the Science, Space, and Technology Committee, as well as the Ethics Committee. He was also

1

recognized as Texan of the Year in 2019 by the bipartisan Texas Legislative Conference.

During and after his time in Congress, Former Representative Smith has been active in patent issues. He was one of the chief architects of the eponymous Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011). He has also written and spoken about intellectual property issues and the need for patent reform, and he continues to do so. *See, e.g.*, Lamar Smith, *People are Fed Up, and Trump Needs Affordability Win. Here's His Chance*, Washington Examiner (June 26, 2026) (explaining that "patent protections are essential to spurring the kind of innovation that creates jobs, grows the economy, and brings down prices").[1]

As noted in the accompanying declaration, Former Representative Smith has had limited availability due to recent business and family travel. During recent weeks, he was on a ten-day family vacation during which he was not as available to respond to emails in a timely fashion.

---

[1]    https://www.washingtonexaminer.com/op-eds/4625231/trump-needs-affordability-win-patent-reform/.

Additionally, prior to the current engagement, he was misinformed about the deadline for an amicus brief.

Given his ongoing interest in patent issues and his experience in Congress, the proposed amicus brief provides an additional perspective that should aid the Court when evaluating the issues on appeal and assessing the proper scope of 28 U.S.C. § 1498.

In view of these facts, *Amicus* respectfully submits that extraordinary circumstances and good cause support the request for leave to file out of time and respectfully requests that the Court grant the present motion for leave to file the amicus brief.

Date: July 22, 2026

Respectfully submitted,

By: */s/ Matthew J. Dowd*
Matthew J. Dowd
Robert J. Scheffel
Elliot A. Gee
Morris D. Young
Dowd Scheffel PLLC
1717 Pennsylvania Avenue, NW
Suite 1025
Washington, D.C. 20006
(202) 559-9175
mdowd@dowdscheffel.com

3

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number**  No. 2026-1581

**Short Case Caption**  Arbutus Biopharma Corp. v. Moderna, Inc.

**Filing Party/Entity**  Lamar Smith

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 07/22/2026

Signature:  /s/ Matthew J. Dowd

Name:  Matthew J. Dowd

**FORM 9. Certificate of Interest**

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Lamar Smith | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Dowd Scheffel PLLC | Matthew J. Dowd | Robert J. Scheffel |
| Elliot A. Gee | Morris D. Young | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)    ☐ No    ☑ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**No. 2026-1581**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ARBUTUS BIOPHARMA CORPORATION
and GENEVANT SCIENCES GmbH,
*Plaintiffs-Appellees,*

v.

MODERNA, INC. and MODERNATX, INC.,
*Defendants-Appellants.*

On Appeal from the United States District Court for the
District of Delaware in No. 1:22-cv-00252, Judge Joshua D. Wolson

**DECLARATION OF MATTHEW J. DOWD IN SUPPORT OF
MOTION FOR LEAVE TO FILE OUT OF TIME AMICUS BRIEF
OF THE HONORABLE LAMAR SMITH IN SUPPORT OF
PLAINTIFFS-APPELLEES AND AFFIRMANCE**

I, Matthew J. Dowd, state and declare as follows:

1. I submit this declaration, pursuant to Federal Circuit Rule 26(b)(1), in support of *Amicus Curiae*'s motion for leave to file his brief out of time.

2. I am counsel for *Amicus Curiae* the Honorable Lamar Smith, who is a former Member of Congress.

3. For the reasons stated herein, I believe that good cause and extraordinary circumstances exist for the Court to accept the filing of *Amicus*'s brief out of time. Under the current schedule, all amicus briefs in support of appellant or neither party were due on June 5, 2026, and all amicus briefs in support of appellees were due on July 15, 2026.

4. During recent weeks, I was informed that Former Representative Smith has been traveling out of state for a mix of business and family reasons. This period of travel included a ten-day family vacation during which he was not as available to respond to emails in a timely fashion.

5. Additionally, prior to the engagement with undersigned counsel, Former Representative Smith had been misinformed that the due date for amicus briefs in support of Appellees was later than it in fact was. Once I was engaged to prepare and file the amicus brief for the Former Representative, the misunderstanding was corrected.

1

6.    I am unaware of any prejudice that either Appellants or Appellees would experience, should the present motion be granted.  To alleviate any potential prejudice, once the proposed amicus brief was finalized, on July 21, 2026, I offered to share a copy with Appellants and Appellees when I contacted them via email to ask whether their respective parties would consent to or oppose the present motion.  Both counsel for the parties were gracious and responded promptly.

7.    Counsel for Appellees stated that Appellees do not oppose. Counsel for Appellants responded earlier today and stated that Appellants oppose the motion and will evaluate whether to file a response once they review the proposed brief.

8.    For the foregoing reasons, I respectfully submit that good cause and extraordinary circumstances exist pursuant to Federal Circuit Rule 26(b)(1).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2026.

*/s/ Matthew J. Dowd*
Matthew J. Dowd
*Counsel for Amicus Curiae*
*The Honorable Lamar Smith*

2

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2026-1581

**Short Case Caption:** Arbutus Biopharma Corp. v. Moderna, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

[✔] the filing has been prepared using a proportionally-spaced typeface and includes __456__ words.

[ ] the filing has been prepared using a monospaced typeface and includes _____ lines of text.

[ ] the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 07/22/2026

Signature: /s/ Matthew J. Dowd

Name: Matthew J. Dowd