No. 26-1581

# In the United States Court of Appeals for the Federal Circuit

ARBUTUS BIOPHARMA CORPORATION, GENEVANT SCIENCES, GMBH,

*Plaintiffs-Appellees*,

*v.*

MODERNA, INC., MODERNATX, INC.,

*Defendants-Appellants*.

On Appeal from the United States District Court for the District of Delaware, The Honorable Joshua D. Wolson (No. 1:22-CV-00252-JDW)

**UNOPPOSED MOTION TO EXPEDITE ORAL ARGUMENT**

DAVID I. BERL
ADAM D. HARBER
SHAUN P. MAHAFFY
MATTHEW W. LACHMAN
ANDREW L. HOFFMAN
KATHRYN LARKIN
WILLIAMS & CONNOLLY LLP
*680 MAINE AVE. SW*
*WASHINGTON, DC 20024*
*(202) 434-5000*
*Counsel for Plaintiffs-Appellees*

AUGUST 21, 2026

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 26-1581

**Short Case Caption** Arbutus Biopharma Corporation v. Moderna, Inc.

**Filing Party/Entity** Arbutus Biopharma Corporation and Genevant Sciences GmbH

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/21/2026

Signature: /s David I. Berl

Name: David I. Berl

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Arbutus Biopharma Corporation | | Roivant Sciences Ltd. |
| | | Morgan Stanley Investment Management Inc. |
| Genevant Sciences GmbH | | Roivant Sciences Ltd. |
| | | Arbutus Biopharma Corporation |
| | | Genevant Sciences Holdings Limited |
| | | Genevant Sciences Ltd. |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☑ Additional pages attached

| | | |
|---|---|---|
| Arthur Argall | Falicia Elenberg | Thomas Fletcher |
| Philip Haunschild | Denis Hurley | Kathryn Larkin |
| Ricardo Leyva | Jessica Ryen | Anthony Sheh |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**Certificate of Interest – Addendum**

*Arbutus Biopharma Inc. v. Moderna, Inc. (26-1581)*

**4. Legal Representatives.** In addition to those listed above, Appellees Arbutus Biopharma Corporation and Genevant Sciences, GmbH identify the following additional law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.

- Adam Brausa
- Lydia Cash
- Kira Davis
- Shaelyn Dawson
- Daralyn Durie
- Jackson Lane
- Annie Lee
- David Tan
- Eric Wiener
- Andrew Iancu
- Jeffrey Wall
- Emily DiBenedetto
- Lindsey Geller
- Nathan Hoeschen
- Karen Keller
- John Shaw
- Morrison & Foerster LLP
- Shaw Keller LLP
- Sullivan & Cromwell LLP

**UNOPPOSED MOTION TO EXPEDITE ORAL ARGUMENT**

Pursuant to Federal Rules of Appellate Procedure 2 and 27, and Federal Circuit Rule 27(c), Plaintiffs-Appellees Arbutus Biopharma Corporation and Genevant Sciences GmbH (collectively "Plaintiffs") move the Court to expedite oral argument in this appeal. Counsel for Defendants-Appellees Moderna, Inc. and ModernaTX, Inc. (collectively "Moderna") has informed Plaintiffs that Moderna supports this motion and agrees with the requested relief. Moderna has indicated that it will file a response in support of this motion shortly after this filing. Plaintiffs do not request additional time to file a reply.

This appeal involves the district court's conclusion that certain sales of Moderna's COVID-19 vaccine pursuant to its C-100 Contract with the United States government that were for the general public and not the government were therefore not subject to 28 U.S.C. § 1498(a).

Because this appeal presents a narrow, straightforward question of statutory interpretation, on which multiple district courts are awaiting this Court's decision, good cause exists to expedite oral argument.

## I. Background

Scientists at Plaintiffs and their predecessors developed the lipid nanoparticle technology that is essential to the success of mRNA vaccines. Moderna used that technology in its COVID-19 vaccine, without a license, leading to one of the most successful drugs in history.

Moderna sold roughly 500 million doses of its vaccine to the United States through the C-100 Contract. Appx2778-2830. While that contract included a clause stating that the government was granting its authorization and consent to patent infringement, the bulk of Moderna's sales under that contract were not "for the government," as required for § 1498(a) to apply. Appx1-17. Rather, these sales were made for the benefit of the public, to whom these doses of the vaccine were always expected to be provided. *See* Appx1-17. Indeed, a top government official, and the government's designated witness below on the distribution of Moderna's COVID-19 vaccine, testified that the doses at issue in this appeal "weren't used for the federal government." Appx7400-7406.

So, to obtain compensation for Moderna's infringement, Arbutus and Genevant brought the lawsuit underlying this appeal in February 2022 pursuant to the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.* After

proceeding through summary judgment, Moderna stipulated to infringement of Plaintiffs' valid patents as part of a consent judgment, which the district court entered on March 4, 2026. Appx36-39.

Moderna initiated this appeal, challenging the district court's conclusion that Moderna's sales of its COVID-19 vaccine pursuant to the C-100 Contract that were for the general public and not the government are not subject to 28 U.S.C. § 1498(a). Moderna filed its Notice of Appeal on March 24, 2026, Appx8635-8638, and the case was docketed in this Court on March 30, 2026, Dkt. No. 1.

The parties proceeded through briefing in this Court without requesting any extensions. Moderna timely filed its opening brief on May 29, 2026. Dkt. No. 13. Plaintiffs timely filed their responsive brief on July 8, 2026. Dkt. No. 33. Although the Court *sua sponte* stayed the briefing schedule upon the filing of the Motion of the Honorable Lamar Smith to extend time to file an amicus brief, Dkt. No. 51, that motion was subsequently withdrawn, Dkt. No. 52, and the Court reset the deadline for Moderna's reply brief, Dkt. No. 53. Moderna nevertheless filed its reply brief on August 14, 2026, five days prior to the Court's reset deadline. Dkt. No. 55.

The Joint Appendix was filed on August 21, 2026, Dkt. No. 56 and this appeal is now fully briefed and calendar-ready, *see* Fed. Cir. R. 30(a)(2).

## II. Argument

This Court has broad authority to manage its docket and to expedite appeals when good cause exists. *See* Fed. R. App. P. 2 ("On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs."); Fed. Cir. R. 27(f) (permitting motions to expedite). In determining whether good cause exists to expedite an appeal, the Court may consider factors that include the narrowness and importance of the issues presented, the need for prompt appellate guidance, the impact of delay on other pending proceedings, and the absence of prejudice to the parties. *See, e.g.*, *ParkerVision, Inc. v. Qualcomm Inc.*, No. 26-1033, Dkt. No. 9 (Fed. Cir. Oct. 22, 2025); *id.* Dkt. No. 6 (Fed. Cir. Oct. 13, 2025); *Nippon Shinyaku Co., Ltd. v. Sarepta Therapeutics, Inc.*, No. 21-2369, Dkt. No. 19 (Fed. Cir. Oct. 21, 2021); *id.* Dkt. No. 4 (Fed. Cir. Oct. 1, 2021). Here, the parties agree that all of these factors weigh in favor of expediting oral argument.

### A. Multiple Pending Cases Await This Court's Guidance

Plaintiffs and Moderna are each engaged in separate patent litigation against third parties concerning sales of Moderna's COVID-19 vaccine pursuant to the C-100 Contract, and these cases will be directly affected by the resolution of this appeal. Plaintiffs have brought an action against the United States in the Court of Federal Claims to obtain relief for doses sold pursuant to Moderna's C-100 Contract "that were directly administered to United States Government employees" and have preserved their rights to pursue claims regarding any other doses ultimately deemed subject to § 1498(a). Appx38; *Arbutus Biopharma Corp. v. United States*, No. 26- 446, Dkt. No. 1 (Fed. Cl. Mar. 19, 2026). This Court's resolution of whether other doses sold pursuant to the C-100 Contract are subject to 28 U.S.C. § 1498(a) could directly impact the scope of the litigation in the Court of Federal Claims.

Moderna, too, is a defendant in several separate patent infringement cases concerning sales of its COVID-19 vaccine, and in each of these cases in which Moderna has answered, it has raised the applicability of § 1498(a) to its C-100 Contract sales as an affirmative defense or counterclaim. *See GlaxoSmithKline Biologicals SA v. Moderna, Inc.*, No. 24-1135, Dkt. No. 17 ¶¶ 150-56, Nineteenth Aff. Def. (D. Del. Dec. 12, 2024); *mNG Bio, LLC v.*

*Moderna Inc.*, No. 26-10074, Dkt. No. 27, ¶¶ 54-58, Fourth Aff. Def. (D. Mass. Mar. 10, 2026); *Northwestern Univ. v. Moderna, Inc.*, No. 24-1151, Dkt. No. 26, ¶¶ 96-100, Fourteenth Defense ¶¶ 25-26 (D. Del. Dec. 23, 2025); *Curevac SE v. Moderna Inc.*, No. 26-475, Dkt. No. 20 ¶¶ 118-22 (D. Del. Jul. 17, 2026); *see also Bayer CropScience LLC v. Moderna, Inc.*, No. 26-0012 (D. Del.); *Translate Bio, Inc. v. Moderna, Inc.*, No. 26-8690 (D.N.J.).

In at least one of these cases, the plaintiff has moved to collaterally estop Moderna from arguing that § 1498(a) applies to the sales at issue. *See Northwestern Univ.*, No. 24-1151, Dkt. No. 81 at 13-17 (D. Del. May 29, 2026). In that case the parties have submitted a stipulation and proposed order that "Northwestern's partial motion for judgment on the pleadings will be held in abeyance until after resolution of the *Arbutus* Appeal." *Northwestern Univ.*, No. 24-1151, Dkt. No. 86 ¶ 6 (D. Del. June 2, 2026). In another case, trial has already been set less than one year away. *See mNG Bio*, No. 26-10074, Dkt. No. 36 (D. Mass. Apr. 27, 2026) (scheduling trial for May 2027). Those cases may proceed through discovery and trial only upon adjudication of this appeal.

Third parties are also engaged in litigation that will be directly impacted by the resolution of this appeal. For example, mNG Bio, LLC brought suit in the Court of Federal Claims against the United States, seeking compensation

for the use of patented technology by and for the United States with respect to Moderna's COVID-19 vaccine that is ultimately deemed subject to § 1498(a). *See mNG Bio, LLC v. United States*, No. 26-12, Dkt. No. 1 (Fed. Cl. Jan. 7, 2026). That action is now stayed while mNG Bio's separate district court litigation against Moderna proceeds to trial, and the parties are directed to "submit a joint status report" "[w]ithin 30 days after the final adjudication" of this appeal, concerning whether this Court's decision "has any impact on the pendency of the stay of outstanding deadlines." *mNG Bio*, No. 26- 12, Dkt. No. 18 ¶ 4 (Fed. Cl. June 23, 2026).

Prompt resolution of this appeal would provide essential guidance to these courts addressing the applicability of § 1498(a) to Moderna's sales of its COVID-19 vaccine under the C-100 Contract while Moderna is attempting to make its improper—and now rejected—defense in each. Delay, by contrast, risks inconsistent rulings, duplicative litigation, and wasted judicial resources across multiple fora.

### B. This Appeal Presents a Narrow, Purely Legal Question of Exceptional Importance

This appeal presents a narrow, purely legal question that the Court readily can address on an expedited basis: whether § 1498(a) applies to doses of Moderna's COVID-19 vaccine sold pursuant to the C-100 Contract that were

for the general public and not the government. As part of the consent judgment in the district court, the parties "waive[d] all right to appeal" except for Moderna's express reservation of its right to appeal the applicability of § 1498(a). Appx38. Thus, the parties have asked the Court to address only this single question of statutory interpretation. The briefing is complete, the record is closed, and no further factual development is necessary. These circumstances make the appeal ideally suited for expedited consideration.

The issue on appeal is also exceptionally important. Moderna's position that § 1498(a) provides the Executive branch with unreviewable power by mere use of a procurement contract threatens to disturb the patent system and other statutes, including the Biologics Price Competition and Innovation Act and the Hatch-Waxman Act. Generic or biosimilar manufacturers, acting in concert with any of the tens of thousands of government contracting officials, could avoid patent rights and the defined procedures in those statutes. *See* Dkt. No. 47 at 32-39 (Amicus Brief of Novartis and other Pharmaceutical Innovators); Dkt. No. 33 at 57-59 (Plaintiffs' Responsive Brief). As multiple amici have explained, Moderna's position would also threaten innovation in the private marketplace, minimizing the protections that inventors receive for their patent rights. *See* Dkt. No. 44 at 5-9 (Amicus

Brief of The Bayh-Dole Coalition); Dkt. No. 42 at 4-6 (Amicus Brief of Alliance of Startups and Inventors for Jobs). Indeed, recognizing the danger of Moderna's interpretation, every judge to have looked at Moderna's position has rejected it, including both judges below, *see* Appx821-836; Appx1-32, and the multiple former judges who joined as amici in support of Plaintiffs in this case, *see* Dkt. No. 46. Given the exceptional importance of the issues on appeal in this case, it is critical that this court promptly confirm the district court's proper interpretation of § 1498(a).

### C. No Party Will Be Prejudiced by Expediting Oral Argument

Plaintiffs have communicated with Moderna, and Moderna has confirmed that it supports expediting oral argument and agrees with the requested relief. Expedited resolution serves both Plaintiffs' and Moderna's interests, as well as the interests of judicial economy. The briefing is complete, the parties are prepared for oral argument, and expedition will not require any party to compress its preparation or forgo any procedural rights. The absence of any opposition to this motion further supports a finding of good cause.

## III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion and place oral argument on its November 2026 calendar, or as soon thereafter as the Court's schedule permits.

August 21, 2026

Respectfully submitted,

/s/ *David I. Berl*

David I. Berl

**CERTIFICATE OF COMPLIANCE WITH**
**TYPEFACE LIMITATION AND WORD COUNT**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2). This motion contains 1886 words.

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This motion has been prepared in a proportionally spaced typeface, 14-point Century Expanded font.

August 21, 2026

Respectfully submitted,

/s/ *David I. Berl*

David I. Berl