No. 2026-1581

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

ARBUTUS BIOPHARMA CORP., GENEVANT SCIENCES, GmbH,

*Plaintiffs-Appellees*,

v.

MODERNA, INC., MODERNATX, INC.,

*Defendants-Appellants*.

Appeal from the U.S. District Court for the District of Delaware
C.A. No. 22-252, Judge Joshua D. Wolson

# MODERNA'S RESPONSE TO PLAINTIFFS' MOTION TO EXPEDITE ORAL ARGUMENT

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 26-1581

**Short Case Caption** Arbutus Biopharma Corporation v. Moderna, Inc.

**Filing Party/Entity** Appellants Moderna, Inc. and ModernaTX, Inc.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/21/2026

Signature: /s/ William M. Jay

Name: William M. Jay

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Moderna, Inc. | | N/A |
| ModernaTX, Inc. | | Moderna, Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☑ Additional pages attached

| | | |
|---|---|---|
| Elizabeth Elrod | Jeanna M. Wacker | Mara L. Greenberg |
| Nancy Kaye Horstman | Noah Frank | Patricia Carson |
| Brian P. Egan | Jack B. Blumenfeld | Travis J. Murray |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

**Arbutus Biopharma Corporation v. Moderna, Inc.**
**Appeal No. 26-1581**
**Form 9 -- Addendum**

**4. Legal Representatives.** In addition to the individuals listed on Form 9, Appellants Moderna, Inc. and Moderna TX, Inc. report that the following law firm appeared for Appellants in the District of Delaware proceeding:

*Yan-Xin Li*

*Shaoyao Yu*

*Laura Ashley Harris*

*Leslie Schmidt*

*Andrew Lee*

*Brad Deem*

*Jason Wilcox*

*Alina Afinogenova*

*Caitlin Dean*

*Hannah Suh*

*Morris, Nichols, Arsht & Tunnell LLP*

Moderna joins in requesting that the Court expedite oral argument, as sought by the motion to expedite ("Motion") filed by Plaintiffs-Appellees Arbutus Biopharma Corp. and Genevant Sciences, GmbH (together, "Arbutus"). For many of the reasons raised in the Motion—and because this case presents an issue of the utmost public importance—Moderna fully supports Arbutus's request that the Court set oral argument for November 2026 or as soon thereafter as the Court's schedule permits. Moderna is submitting a separate response, rather than joining the Motion, because Moderna seeks to offer additional support for expediting and because Moderna does not fully agree with some aspects of how the Motion characterizes the appeal (none of which is material to whether the Motion should be granted).

## BACKGROUND

Confronting the COVID-19 pandemic, the United States Government launched "Operation Warp Speed," a multi-agency effort that prioritized, among other goals, the development and distribution of a COVID-19 vaccine. As part of Operation Warp Speed, the Government contracted with Moderna to develop and provide about 500 million doses of a vaccine for COVID-19 through the "C-100" contract. Moderna developed, manufactured, and supplied to the Government the required doses of vaccine, referred to as Spikevax®, and obtained emergency use authorization from the Food and Drug Administration for its administration.

Several years later, Arbutus filed suit against Moderna for patent infringement

based on patents directed to lipid nanoparticles for delivering genetic material into cells. As relevant on appeal, the parties dispute whether 28 U.S.C. §1498 applies to the Spikevax® vaccine Moderna supplied to the Government pursuant to the C-100 contract. If it does, any claim of infringement based on that vaccine must be brought against the United States in the Court of Federal Claims, not against Moderna. The United States filed a Statement of Interest in the district court confirming that the United States had accepted responsibility for any patent infringement by Moderna through the C-100 contract and, thus, that Arbutus "is limited to pursuing a claim against the United States in the Court of Federal Claims" as to any vaccine manufactured under that contract. No. 1:22-cv-00252-JDW (D. Del.), ECF No. 49, at 2. The United States has now reiterated that position in its amicus brief to this Court. ECF No. 29.

## ARGUMENT

There is good cause to expedite oral argument. 28 U.S.C. § 1657; Fed. Cir. R. 27(c); Motion at 4. The outcome of this appeal will be highly significant to half-a-dozen pending cases, as well as to federal contractors and the United States Government more broadly.

1. As Arbutus explains (at 5-6), multiple cases in federal district court raise the same issue regarding whether and to what extent §1498 applies to the C-100 contract and the vaccine sold to the Government under it. Three of those cases have

deadlines in the first half of 2027. In *Northwestern University v. Moderna, Inc.*, Northwestern has moved for partial judgment on the pleadings, arguing that the summary judgment order in this case has preclusive effect and requires rejecting Moderna's §1498 defense in that case. The parties have stipulated to hold that motion in abeyance, but if this appeal is not decided "by the close of fact discovery on April 5, 2027," the parties must submit new proposals on how the case should proceed. *See* No. 24-cv-1151 (D. Del.), ECF No. 86 (attached as Exhibit A). In *mNG Bio, LLC v. Moderna Inc.*, the district court has set a pretrial conference for April 2027, with dispositive motions due February 1, 2027. No. 26-cv-10074 (D. Mass.), ECF Nos. 35, 36 (Apr. 23 and 27, 2026). Likewise, in *GlaxoSmithKline Biologicals SA v. Moderna, Inc.*, the district court has set a pretrial conference for July 2027, with dispositive motions due in mid-February of 2027. No. 24-cv-1135 (D. Del.), ECF No. 290 (Aug. 14, 2026) (attached as Exhibit B).[1]

If this case were to proceed in the normal course, it would not be scheduled for argument (let alone decided) before these deadlines. The uncertainty would create significant case-management difficulties and inefficiencies. Expediting argument makes it possible for this Court to issue a decision before these deadlines.

2. As Arbutus further explains (at 5-7), the Court of Federal Claims is also

[1] As of the filing of this motion, the additional pending cases are *Bayer CropScience LLC v. Moderna, Inc.*, No. 26-cv-0012 (D. Del.) and *CureVac SE v. Moderna, Inc.*, No. 26-cv-475 (D. Del.).

facing the identical issue in multiple actions, one filed by Arbutus and one filed by mNG Bio. This appeal will determine whether infringement liability for C-100 vaccine doses is properly determined in those cases (against the United States) or in district-court cases (against Moderna).

3. Finally, the scope of §1498 is of paramount importance. As both the United States and the National Association of Manufacturers explain (ECF Nos. 22, 29), contractors across industries rely on certainty and stability in the operation of §1498 when contracting with the United States to provide critical goods and services. But until this appeal is resolved, contractors will be unable to predict when §1498 will apply. Under the district court's decision, even express acceptance of liability by the United States would not provide any guarantee of protection to government contractors who could find themselves the target of a lawsuit. This uncertainty threatens to destabilize government contractors and their bargaining and contractual relationships with the United States, affect the pricing that government contractors are willing to agree to, and at a minimum increase friction in the contracting process. *See* Br. of the National Association of Manufacturers as Amicus Curiae (ECF No. 22) at 9-17, 21-22; Br. for the United States as Amicus Curiae (ECF No. 29) at 24-28.

**CONCLUSION**

For these reasons, Moderna respectfully joins in Arbutus's request to expedite oral argument. Moderna supports the Motion's proposal to set this case for the November 2026 calendar, or as soon thereafter as the Court's schedule permits.

August 21, 2026

Respectfully submitted,

/s/ *William M. Jay*
William M. Jay
Jaime A. Santos
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000
*wjay@goodwinlaw.com*
*jsantos@goodwinlaw.com*

Jordan Bock
Joseph R. Landry
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
*jbock@goodwinlaw.com*
*jlandry@goodwinlaw.com*

Gabriel B. Ferrante
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 459-7062
*gferrante@goodwinlaw.com*

James F. Hurst
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
*james.hurst@kirkland.com*

Mark Charles McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679
*mark.mclennan@kirkland.com*

*Counsel for Defendants-Appellants Moderna, Inc. and ModernaTX, Inc.*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(A) because it contains 976 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Dated: August 21, 2026

/s/ *William M. Jay*
William M. Jay
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000
*wjay@goodwinlaw.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I electronically filed the foregoing using the Court's CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: August 21, 2026

/s/ *William M. Jay*
William M. Jay
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000
*wjay@goodwinlaw.com*