**No. 2026-1581**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

ARBUTUS BIOPHARMA CORPORATION
and GENEVANT SCIENCES GmbH,

Plaintiffs-Appellees,

v.

MODERNA, INC. and MODERNATX, INC.,

Defendants-Appellants.

---

On Appeal from the United States District Court for the
District of Delaware in case no. 1:22-cv-00252, Judge Wolson.

---

# AMICUS CURIAE UNITED STATES' UNOPPOSED MOTION FOR LEAVE TO PARTICIPATE AT ORAL ARGUMENT AND TO ENLARGE ARGUMENT TIME

---

BRETT A. SHUMATE
*Assistant Attorney General*

BRAD HINSHELWOOD
MCKAYE L. NEUMEISTER
*Attorneys, Appellate Staff*
*Civil Division, Room 7231*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-8100*

Pursuant to Federal Circuit Rule 27, amicus curiae the United States respectfully requests leave to participate at oral argument in this case and to enlarge argument time to 20 minutes per side. This motion is unopposed.

1. The principal issue in this appeal is whether the district court erred in holding that the patent-infringement claims against defendant-appellant Moderna based on the vaccine doses that Moderna manufactured under a particular contract with the federal government are not barred by 28 U.S.C. § 1498(a). That statute provides an affirmative defense for government contractors for any patent infringement that occurs "for the Government and with the authorization or consent of the Government." 28 U.S.C. § 1498(a).

2. On June 19, 2026, the United States timely filed an amicus brief (Doc. 29) supporting Moderna and urging this Court to reverse the judgment of the district court. The government has a strong interest in the proper interpretation and application of Section 1498(a), which aids government procurement efforts by protecting government contractors from district court actions for patent infringement, and the concomitant threat of injunctions, when the alleged patent infringement is "by or for the United States."

3. This Court previously has granted the government's motions to participate at argument as amicus curiae in cases concerning the interpretation and application of Section 1498(a). *See, e.g.*, *Arlton v. Aerovironment, Inc.*, No. 2021-2049, 2026 WL 294827 (Fed. Cir. Feb. 4, 2026); *IRIS Corp. v. Japan Airlines Corp.*, 769 F.3d 1359

(Fed. Cir. 2014) (No. 2010-1051); *Advanced Software Design Corp. v. Federal Reserve Bank of St. Louis*, 583 F.3d 1371 (Fed. Cir. 2009) (No. 2008-1152).

4. The government also requests that the Court enlarge the time allotted for oral argument in this appeal to 20 minutes per side. If argument time is enlarged, Moderna would agree to cede 5 minutes of the allotted 20 minutes to the United States. Under this proposal, Moderna would have 15 total minutes, the United States would have 5 minutes, and Appellees would be allotted 20 minutes.

5. Counsel for Moderna states that Moderna agrees to the government's proposal in this motion and will not file a response to this motion. Counsel for Appellees states that Appellees do not oppose the government's request to participate in oral argument or the government's request to enlarge argument time.

## CONCLUSION

For the foregoing reasons, the Court should grant the United States leave to participate at oral argument and enlarge argument time to 20 minutes per side.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

BRAD HINSHELWOOD

*/s/ McKaye L. Neumeister*
MCKAYE L. NEUMEISTER
*Attorneys, Appellate Staff*
*Civil Division, Room 7231*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-8100*
*McKaye.L.Neumeister@usdoj.gov*

September 2026

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 409 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ McKaye L. Neumeister*
McKaye L. Neumeister